UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EFRAIN GEOVANNI PONCE ESCOBAR,                      Civ. Action No.:

                        Plaintiff,

  -against-

PAREDES LANDSCAPING, INC., PAREDES
ENTERPRISES, LLC, and CARLOS PAREDES,

                        Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiff, EFRAIN GEOVANNI PONCE ESCOBAR (hereinafter, "Plaintiff"), as and for his Complaint against Defendants, PAREDES LANDSCAPING, INC., PAREDES ENTERPRISES, LLC, and CARLOS PAREDES (hereinafter collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the New York Codes, Rules, and Regulations, Part 142 (hereinafter, the "Regulations"), to recover unpaid overtime compensation, unpaid minimum wages, unpaid spread of hours, and for other relief.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

1

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is a resident of Central Islip, New York.

6. Defendants are in the landscaping business servicing Long Island homeowners.

7. According to the New York State Department of State, Division of Corporations, Defendant Paredes Landscaping, Inc. (hereinafter, "Paredes Landscaping") is a New York domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, Defendant Paredes Landscaping maintains a corporate office located at 64 Daily Drive, Riverhead, New York 11901.

9. At all relevant times, Defendant Paredes Landscaping maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

10. According to the New York State Department of State, Division of Corporations, Defendant Paredes Enterprises, LLC (hereinafter, "Paredes Enterprises") is a New York limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

11. Upon information and belief, Defendant Paredes Enterprises maintains an office located at 627 Northville Turnpike, Riverhead, New York 11901.

12. At all relevant times, Defendant Paredes Enterprises maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

13. Upon information and belief, Defendants Paredes Landscaping and Paredes Enterprises (hereinafter collectively, the "Corporate Defendants") were and are owned, operated, and controlled by Defendant Carlos Paredes (hereinafter, "Paredes" or "Individual Defendant").

14. Upon information and belief, the Corporate Defendants were and are part of a single integrated enterprise that jointly employed Plaintiff.

15. Upon information and belief, the Corporate Defendants' operations were and are interrelated and unified.

16. Upon information and belief, at all relevant times, the Corporate Defendants shared common management, were centrally controlled, and/or were owned by the Individual Defendant.

17. Upon information and belief, at all relevant times, the Corporate Defendants shared employees, equipment, and supplies.

18. Upon information and belief, Defendant Paredes is a resident of the State of New York.

19. Upon information and belief, at all relevant times, Defendant Paredes was an owner, corporate officer, director, member, and/or managing agent of each Corporate Defendant.

20. Upon information and belief, at all relevant times, Defendant Paredes exercised operational control over each Corporate Defendant, controlled significant business functions of each Corporate Defendant, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of each Corporate Defendant in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

21. At all relevant times, Defendant Paredes participated in running the daily operations of each Corporate Defendant and their landscaping business.

22. At all relevant times, Defendant Paredes participated in the management and supervision of Plaintiff and his work for Defendants.

23. At all relevant times, Defendant Paredes maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

24. Upon information and belief, at all times relevant, Defendants jointly employed Plaintiff as a landscaper.

25. Each Defendant had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

26. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

27. Plaintiff was employed by Defendants from on or about March 15, 2018 until on or about December 28, 2018.

28. At all times relevant to this action, Plaintiff was employed as a landscaper for the benefit of and at the direction of Defendants at their landscaping business.

29. At all times relevant to this action, Plaintiff's primary duties included cutting grass, trimming trees, and installing sprinklers.

30. Throughout Plaintiff's employment, Defendants did not require Plaintiff to sign in at the beginning of his shifts or to sign out at the end of his shifts, or to track his hours in any other manner.

31. Upon information and belief, Defendants failed to keep and maintain time records for the time that Plaintiff worked each day and week.

32. Throughout his employment, Plaintiff generally worked seven days per week.

33. Throughout his employment, Plaintiff began his shifts each day at about 5:00 a.m. and ended his shifts at about 9:00 p.m.

34. Throughout his employment, Plaintiff typically worked one-hundred twelve (112) hours per week.

35. Throughout his employment, Defendants paid Plaintiff two-hundred dollars ($200.00) per day, regardless of the number of hours Plaintiff worked each day or each week.

36. Throughout his employment, Defendants paid Plaintiff in cash on a weekly basis.

37. Defendants failed to provide Plaintiff with a notice and acknowledgement of pay rate and payday, or any other form of wage notice, at the time of his hiring, or at any other time thereafter, as required by NYLL § 195(1).

38. Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, cash receipts, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

39. During Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) each week.

40. During Plaintiff's employment, Defendants did not pay Plaintiff at least one and one-half times his regular rate of pay for all hours worked in excess of forty (40) per week.

41. During Plaintiff's employment, Defendants failed to pay Plaintiff the statutory minimum wage rate for all hours worked.

42. During Plaintiff's employment, Plaintiff regularly worked in excess of ten (10) hours per day during weeks that he was paid at or below the statutory minimum wage rate.

5

43. Despite regularly working in excess of ten (10) hours per day during weeks that he was paid at or below the statutory minimum wage rate, Defendants failed to pay Plaintiff spread of hours compensation at a rate of one (1) extra hour of pay at the statutory minimum wage rate for each day that Plaintiff worked in excess of ten (10) hours.

44. Defendant Paredes participated in the decision to hire Plaintiff.

45. Defendant Paredes participated in the decision to fire Plaintiff.

46. Defendant Paredes participated in the supervision of Plaintiff's duties each day.

47. Defendant Paredes participated in deciding the job duties that Plaintiff performed each day.

48. Defendant Paredes participated in setting Plaintiff's work schedule each week.

49. Defendant Paredes participated in deciding the hours that Plaintiff worked each day and week.

50. Defendant Paredes participated in deciding the manner in which Plaintiff was paid each week.

51. Defendant Paredes ran the day-to-day operations of each Corporate Defendant during Plaintiff's employment.

52. Defendants managed Plaintiff's employment, including the amount of overtime worked.

53. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

54. Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled under the law.

55. Defendants were aware of Plaintiff's regular rate of pay but failed to pay him the statutory minimum wage rate to which he was entitled under the law.

56. Defendants were aware that Plaintiff worked in excess of ten hours per day and that his regular rate of pay was below the statutory minimum wage rate, yet failed to pay him the spread of hours compensation to which he was entitled under the law.

57. Defendants' failure to pay proper wages in a timely manner was made without good faith, willfully, and with a reckless disregard for Plaintiff's rights and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

58. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

59. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

60. Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendants are enterprises engaged in commerce or in the production of goods for commerce.

61. At all times relevant to this Complaint, each Corporate Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who has handled landscaping materials, supplies, and equipment that originated outside of the State of New York.

62. Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendant for the year 2018 was not less than $500,000.00.

63. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

64. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

65. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

66. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

67. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

68. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

69. Defendants did not act in good faith with respect to the conduct alleged herein.

70. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

71. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

72. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

73. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

74. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

75. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

76. Plaintiff was not exempt from the overtime provisions of the New York Labor Articles, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

77. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

78. Defendants did not act in good faith with respect to the conduct alleged herein.

79. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

82. Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

83. As a result of Defendants' unlawful practices, Plaintiff suffered a loss of wages.

84. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

85. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86. In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours during a work week in which he was not paid above the statutory minimum wage rate.

87. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

88. As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

89. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

90. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

91. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

92. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

### COUNT VI
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL SECTION 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

93. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

94. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

95. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

96. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

 1. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

   2. Willfully violated the provisions of the FLSA;

   3. Violated the provisions of the NYLL by failing to pay overtime compensation, minimum wages, and spread of hours compensation to Plaintiff;

   4. Willfully violated the applicable provisions of the NYLL;

   5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B. Award compensatory damages, including all overtime compensation, minimum wages, and spread of hours compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation, minimum wages, and spread of hours compensation due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
   August 23, 2019

                    _____
                    Neil H. Greenberg, Esq.
                    Keith E. Williams, Esq.
                    Neil H. Greenberg & Associates, P.C.
                    *Attorneys for the Plaintiff*
                    4242 Merrick Road
                    Massapequa, New York 11758
                    Tel: 516.228.5100
                    nhglaw@nhglaw.com
                    keith@nhglaw.com

**FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM**

Doy mi consentimiento para ser parte demandante en una demanda contra **PAREDES LANDSCAPING, INC. y CARLOS PAREDES** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **PAREDES LANDSCAPING, INC.** and **CARLOS PAREDES** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Date/Fecha: 6/21/2019

*Yovani Ponce*
Efrain Geovanni Ponce Escobar